**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:11cv126**

| | |
|---|---|
| LAWRENCE J. TRABER and ELGE L. TRABER, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC., et al. )<br>)<br>Defendants. )<br>_____ ) | ***ROSEBORO*** **ORDER** |

Pending before the Court are the Motions to Dismiss [# 10 & # 12] filed by Defendants. Plaintiffs are proceeding *pro se* and will be advised of their obligation to respond and the time for doing so.

In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiffs, who are proceeding *pro se*, are cautioned that Defendants have filed two Motions to Dismiss contending that this court lacks subject matter jurisdiction over the Complaint and that they have failed to state a claim.

Plaintiffs are advised that Rule 12(b)(1) provides for dismissal where the Court lacks jurisdiction over the subject matter of the lawsuit. Lack of subject-matter jurisdiction may be raised at any time either by a litigant or the court. Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382 (1884). The ability of the court to independently address subject-matter jurisdiction is important to finality inasmuch as a litigant, even one who remains silent on the issue of jurisdiction, may wait until they

receive an adverse judgment from a district court and raise the issue of subject-matter jurisdiction for the first time on appeal, thereby voiding the judgment. Capron v. Van Noorden, 2 Cranch 126, 127, 2 L.Ed. 229 (1804). The Federal Rules of Civil Procedure anticipate this issue and provide that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed.R.Civ.P. 12(h)(3). When a court considers its subject-matter jurisdiction, the burden of proof is on the plaintiff. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). In Richmond, Fredricksburg & Potomac R.R. Co. v. United States, 945 F.2d 765 (4th Cir. 1991) (Ervin, C.J.), the Court of Appeals for the Fourth Circuit held, as follows

> In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. Id.; Trentacosta v. Frontier Pacific Aircraft Indus., 813 F.2d 1553, 1558 (9th Cir.1987). The district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. Trentacosta, supra, 813 F.2d at 1559 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323-24, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986)). The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. Trentacosta, supra, 813 F.2d at 1558. A district court order dismissing a case on the grounds that the undisputed facts establish a lack of subject matter jurisdiction is a legal determination subject to de novo appellate review. Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir.1989); Shultz v. Dept. of the Army, 886 F.2d 1157, 1159 (9th Cir.1989).

Id., at 768-69. Plaintiffs are advised that it is their burden to show the court how it has jurisdiction over the subject matter of this action.

Defendants also move to dismiss under Rule 12(b)(6) for failure to state a

claim. Rule 12(b)(6), Federal Rules of Civil Procedure, provides for dismissal where a party has failed to state a cause of action as a matter of law. This language means that in responding to the motion to dismiss, Plaintiffs must show that they have made sufficient allegations to support a cause of action against such defendant that is recognized by law. In <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), the Court held that to survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege facts in his complaint that "raise a right to relief above the speculative level." <u>Id.</u>, at 555.

> [A] plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . .

<u>Id.</u> (second alteration in original; citation omitted). Further, a complaint will not survive Rule 12(b)(6) review where it contains "naked assertion[s] devoid of further factual enhancement." <u>Id.</u>, at 557. Instead, a plaintiff must now plead sufficient facts to state a claim for relief that is "*plausible* on its face." <u>Id.</u>, at 570 (emphasis added).The court again visited the Rule 12(b)(6) pleading standard in <u>Ashcroft v. Iqbal</u>, ___ U.S. ___, 129 S.Ct. 1937 (May 18, 2009). In <u>Ashcroft</u>, the Court held that Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." <u>Id.</u>, S.Ct., at 1949. The Court explained that, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" <u>Id.</u> (citing <u>Twombly</u>, <u>supra</u>; emphasis added). What is plausible is defined by the Court:

> [a] claim has facial plausibility when the plaintiff pleads sufficient factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged.

Id. This "plausibility standard" requires "more than a sheer possibility that a defendant has acted unlawfully." Id. Thus, a complaint falls short of the plausibility standard where plaintiff "pleads facts that are 'merely consistent with' a defendant's liability . . . ." Id. While the court accepts plausible factual allegations made in the Complaint as true and considers those facts in the light most favorable to plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP, 213 F. 3d 175, 180 (4th Cir. 2000).

Finally, Plaintiffs are advised that the method for responding requires their filing a written "response" to Defendants' motions within the time allowed by this Order. A copy of such response must be sent to counsel for all other parties, and Plaintiffs must certify that they have made such service in a "certificate of service" indicating the manner in which such service was made.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiffs file their written response to Defendants' Motions to Dismiss [# 10 & # 12] not later than July 26, 2011.

Signed: July 12, 2011

Dennis L. Howell
United States Magistrate Judge