**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:11cv126**

| | | |
|---|---|---|
| **LAWRENCE J. TRABER and**<br>**ELGE L. TRABER,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | ***ROSEBORO*** |
| **v.** | ) | **ORDER** |
| | ) | |
| **MORTGAGE ELECTRONIC**<br>**REGISTRATION SYSTEM, INC., et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

Pending before the Court are a number of motions filed by both parties to this action. Plaintiffs brought this action against a number of Defendants asserting a claim for a declaration that the mortgage on their home has become unsecured because the mortgage was bifurcated. Defendants then moved to dismiss the Complaint. Subsequently, Plaintiffs filed an Amended Complaint. Defendants then moved to dismiss the Amended Complaint. In addition, Defendants request that the Court stay discovery and pretrial deadlines in this case pending a ruling on the Motions to Dismiss the Amended Complaint.

**I.    The Motions to Dismiss the Original Complaint**

The filing of an amended complaint supercedes the original complaint and renders it void of any legal function in the case. Young v. City of Mount Ranier, 238 F.3d 567, 572 (4th Cir. 2001). Accordingly, the Court **DENIES as moot** Defendants' Motions to Dismiss [# 10,  # 12 & # 24].

**II.      The Motions to Dismiss the Amended Complaint**

Defendant iMortgage Services [# 27] and Defendants Mortgage Electronic Registration Systems, Inc. ("MERS"), Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP ("BACHLS"), and Federal National Mortgage Association ("FNMA") [# 26] also moved to dismiss the Amended Complaint.  Because Plaintiffs are proceeding *pro se*, the Court will advise Plaintiffs of their obligation to respond and the time for doing so.

In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiffs, who are proceeding *pro se*, are cautioned that Defendants have filed two Motions to Dismiss contending that this court lacks subject matter jurisdiction over the Complaint and that they have failed to state a claim.

Plaintiffs are advised that Rule 12(b)(1) provides for dismissal where the Court lacks jurisdiction over the subject matter of the lawsuit.  Lack of subject-matter jurisdiction may be raised  at any time either by a litigant or the court. Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382 (1884).  The ability of the court to independently address subject-matter jurisdiction is important to finality inasmuch as  a litigant, even one who remains silent on the issue of jurisdiction, may wait until they receive an adverse judgment from a district court and raise the issue of subject-matter jurisdiction for the first time on appeal, thereby voiding the judgment. Capron v. Van Noorden, 2 Cranch 126, 127, 2 L.Ed. 229 (1804).   The Federal Rules of Civil Procedure anticipate this issue and provide that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction

of the subject matter, the court shall dismiss the action." Fed.R.Civ.P. 12(h)(3).

When a court considers its subject-matter jurisdiction, the burden of proof is on the

plaintiff.  Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982).  In Richmond,

Fredricksburg & Potomac R.R. Co. v. United States, 945 F.2d 765 (4th Cir. 1991)

(Ervin, C.J.), the Court of Appeals for the Fourth Circuit held, as follows

> In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. Id.; Trentacosta v. Frontier Pacific Aircraft Indus., 813 F.2d 1553, 1558 (9th Cir.1987). The district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. Trentacosta, supra, 813 F.2d at 1559 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323-24, 106 S. Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986)). The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. Trentacosta, supra, 813 F.2d at 1558. A district court order dismissing a case on the grounds that the undisputed facts establish a lack of subject matter jurisdiction is a legal determination subject to de novo appellate  review. Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir.1989); Shultz v. Dept. of the Army, 886 F.2d 1157, 1159 (9th Cir.1989).

Id., at 768-69. Plaintiffs are advised that it is their burden to show the court how it

has jurisdiction over the subject matter of this action.

Defendants also move to dismiss under Rule 12(b)(6) for failure to state a

claim.  Rule 12(b)(6), Federal Rules of Civil Procedure, provides for dismissal

where a party has failed to state a cause of action as a matter of law.  This language

means that in responding to the motion to dismiss, Plaintiffs must show that they

have made sufficient allegations to support a cause of action against Defendants

that is recognized by law.   In Bell Atlantic Corp. v. Twombly, 550 U.S. 544

(2007), the Court held that to survive a Rule 12(b)(6) motion to dismiss, a plaintiff

must allege facts in his complaint that "raise a right to relief above the speculative

level." Id. at 555.

> [A] plaintiff's obligation to provide the "grounds" of his "entitle[ment]
> to relief" requires more than labels and conclusions, and a formulaic
> recitation of the elements of a cause of action will not do . . . .

Id. (citation omitted).  Further, a complaint will not survive Rule 12(b)(6) review

where it contains "naked assertion[s] devoid of further factual enhancement." Id. at

557.  Instead, a plaintiff must now plead sufficient facts to state a claim for relief

that is "plausible on its face." Id. at 570.

The Court again visited the Rule 12(b)(6) pleading standard in Ashcroft v.

Iqbal, ___ U.S. ___, 129 S. Ct. 1937 (May 18, 2009).  In Ashcroft, the Court held

that Rule 8 "demands more than an unadorned, the

defendant-unlawfully-harmed-me accusation."  Id. at 1949. The Court explained

that, "to survive a motion to dismiss, a complaint must contain sufficient factual

matter, accepted as true, to state a claim to relief that is plausible on its face."  Id.

(internal quotation omitted).  What is plausible is defined by the Court:

> [a] claim has facial plausibility when the plaintiff pleads sufficient
> factual content that allows the court to draw the reasonable inference that
> the defendant is liable for the misconduct alleged.

Id.  This "plausibility standard" requires "more than a sheer possibility that a

defendant has acted unlawfully." Id.  Thus, a complaint falls short of the

plausibility standard where plaintiff "pleads facts that are 'merely consistent with'

a defendant's liability . . . ." Id.  While the court accepts plausible factual

allegations made in the Complaint as true and considers those facts in the light most favorable to plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP, 213 F. 3d 175, 180 (4th Cir. 2000).

Finally, Plaintiffs are advised that the method for responding requires their filing a written "response" to Defendants' motions within the time allowed by this Order. A copy of such response must be sent to counsel for all other parties, and Plaintiffs must certify that they have made such service in a "certificate of service" indicating the manner in which such service was made. Although Plaintiffs have already filed a response to these motions, Plaintiffs may file a written supplemental response to Defendants' Motions to Dismiss [# 26 & # 27] consistent with this Order by October 13, 2011.

### III.    The Motion to Stay

Defendants move to stay these proceedings pending a ruling on the pending Motions to Dismiss the Amended Complaint. For good cause shown, the Court **GRANTS** the motion [# 33]. The Court **STAYS** discovery and all pretrial deadlines in this case pending a ruling on the Motions to Dismiss the Amended Complaint.

### IV.    Conclusion

The Court **DENIES as moot** Defendants' Motions to Dismiss [# 10, # 12 & # 24]. Plaintiffs shall have until October 13, 2011, to file a written supplemental

response to Defendants' Motions to Dismiss the Amended Complaint [# 26 & # 27].

Finally, the Court **STAYS** discovery and all pretrial deadlines in this case pending a

ruling on the Motions to Dismiss the Amended Complaint [# 26 & # 27].

Signed: October 3, 2011

Dennis L. Howell
United States Magistrate Judge