IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:11cv126

| | | |
|---|---|---|
| LAWRENCE L. TRABER, and ELGE L. TRABER, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | ORDER |
| MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC., MID-ATLANTIC FINANCIAL SERVICES, INC., IMORTGAGE SERVICES, BANK OF AMERICA HOME LOANS SERVICING, L.P., FANNIE MAE, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Pending before the Court are Defendants' Motions to Dismiss [# 26 & # 27] and Plaintiffs' Motion for Second Amended Complaint [# 40]. The Court **GRANTS** Plaintiffs' motion [# 40].

**I.     Analysis**

Federal Rule of Civil Procedure 15(a) provides that a party may amend its pleading after the expiration of the time periods specified in Rule 15(a)(1) "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) further provides that leave to amend shall be freely given "when justice so requires." Id. Absent a showing of undue delay, bad faith,

futility, or prejudice to the opposing party, a court should grant a party leave to amend.  Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227 (1962); Equal Rights Center v. Niles Bolton Assocs., 602 F.3d 597, 603 (4th Cir. 2010); Laber v. Harvey, 438 F.3d 404, 426-27 (4th Cir. 2006).

Plaintiffs, who are proceeding *pro se,* seek leave to file a Second Amended Complaint in order to clarify the factual allegations contained in their Amended Complaint.  Upon a review of the pleadings in this case, the Court finds that granting Plaintiffs one final opportunity to amend and state a claim against each Defendant is warranted.  Although Defendants may ultimately prevail on having Plaintiffs' claims dismissed, the Court cannot say that the proposed amendments are so futile as to warrant denying *pro se* Plaintiffs a final opportunity to amend.  Because allowing Plaintiffs leave to amend will not result in undue delay or prejudice to Defendants, and the proposed amendments are not futile or made in bad faith, leave to amend is appropriate in this case.  See Equal Rights Center, 602 F.3d at 603; Laber, 438 F.3d at 426-27.  Accordingly, the Court **GRANTS** Plaintiffs' motion [# 40].

The Court, however, **INSTRUCTS** Plaintiffs that barring a showing of exceptional circumstances, the Court will not allow further amendments to the Second Amended Complaint.  Plaintiffs should file a Second Amended Complaint that incorporates all the factual allegations necessary to state a claim against each

Defendant. If Defendants move to dismiss the Second Amended Complaint, the Court will consider only the well pled factual allegations contained in the Second Amended Complaint and will not consider any factual allegations set forth only in the response to a motion to dismiss.

## II.   Conclusion

The Court **GRANTS** Plaintiffs' Motion for Second Amended Complaint [# 40]. The Court **DENIES as moot** Defendants' Motions to Dismiss [# 26 & # 27] and Joint Motion for Extension of Time [# 42]. Plaintiffs shall have fourteen (14) days from the entry of this Order to file the Second Amended Complaint. Defendants shall have twenty (20) days from the filing of the Second Amended Complaint to file their answer or otherwise respond.

Signed: November 9, 2011

Dennis L. Howell
United States Magistrate Judge